# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN JOHNSON,

    Plaintiff,

vs.                                                           Case No. 17–cv–0249–DRH

CHESTER MENTAL HEALTH, and
CLAUDIA NICOLE LEWIS,
    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Kevin Johnson is involuntarily committed at Chester Mental Health Center after being found not guilty of murder charges by reason of insanity. *See* Case No. 12-cv-190-DRH-CJP. He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and damages. The Court will conduct a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1], which provides:

> Not withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
>    i.   is frivolous or malicious;
>    ii.  fails to state a claim on which relief may be granted; or

---

[1] As a civilly committed person, it is unclear whether Plaintiff falls under the class of persons described as a "prisoner" in 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, as the Seventh Circuit has not provided guidance on this issue. *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004). The Court therefore uses the standard from § 1915, as Plaintiff has moved to proceed in forma pauperis

1

> iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff originally filed suit on March 10, 2017. (Doc. 1). The case was screened and Plaintiff's claims were dismissed on April 14, 2017. (Doc. 10). Plaintiff was instructed that he could file an amended complaint as to certain claims. (Doc. 10). Believing that Plaintiff had not submitted an amended complaint within the designated time period, the Court dismissed the remaining claims with prejudice for failure to follow the Court's order directing amendment on May 23, 2017. (Doc. 11). A judgment was entered and the case was closed. (Doc. 12). In the meantime, Plaintiff had submitted another Complaint, and the Clerk opened Case No. 17-448-DRH on his behalf. The Complaint in that case,

filed on May 1, 2017, did not have a case number listed in the caption and otherwise did not state that it was an amended complaint; nevertheless it contained claims related to this action. The Court therefore inquired into Plaintiff's intentions, and after receiving clarification, caused the Complaint in Case No. 17-448 to be filed in the present action as the Amended Complaint. (Doc. 13). As it appears that Plaintiff intended to heed the Court's prior direction and submit an amended complaint in this case, the May 23, 2017 Order dismissing this case is **VACATED**, along with the May 23, 3017 Judgment. The Clerk of Court is **DIRECTED** to re-open this case, and screening will proceed. Plaintiff is also reminded to include his case number, 17-249, on any and all filings submitted to the Court.

Plaintiff claims he was punished by his unit director, Claudia Nicole Lewis, for a disagreement with another staff member on February 2, 2017. (Doc. 13, p. 5). Plaintiff alleges that Lewis moved him to the coldest room on the unit. *Id.*

Plaintiff alleges that he experienced aches due to the coldness of his room. *Id.* His joints hurt. *Id.* He had trouble sleeping and had to walk back and forth all night to stay warm. *Id.* Plaintiff complained to Lewis several times, but she continued to ignore him. *Id.* Plaintiff alleges that he stayed in the cold room for over a month. *Id.* Lewis told Plaintiff that the hospital administrator knew and approved of his placement. *Id.*

3

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Lewis and Unknown Hospital Administrator were deliberately indifferent to unconstitutional conditions of confinement when Lewis assigned Plaintiff to a cold room in violation of the Eighth Amendment.

Based on Plaintiff's prior habeas action, it appears that Plaintiff is a civil detainee at Chester. The due process clause of the Fourteenth Amendment governs claims about a detainee's conditions of confinement. *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22 (1982). But the Supreme Court has not established clear guidelines about the additional protection civil detainees deserve beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment. *McGee v. Adams,* 721 F.3d 474, 480 (7th Cir. 2013).

Plaintiff is protected against cruel and inhumane treatment, at least as extensively as prisoners are protected by the Eighth Amendment. *Collignon v. Milwaukee County,* 163 F.3d 982, 987 (7th Cir. 1998); *see also Brown v. Budz,* 398 F.3d 904, 909 (7th Cir. 2005) (applying Eighth Amendment analysis to a section 1983 claim brought by a Joliet facility resident awaiting a civil

commitment trial). The Eighth (and Fourteenth) Amendment requires that Plaintiff be housed under "humane conditions" and provided with "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To show a constitutional violation, Plaintiff must prove *both* (1) that he suffered a sufficiently serious deprivation and (2) that defendants acted with "deliberate indifference" to his conditions of confinement. *Id.* at 837; *Sain v. Wood*, 512 F.3d 886, 893–94 (7th Cir. 2008).

The Court originally determined that Plaintiff's claims regarding the cold room did not adequately allege that Plaintiff suffered from a sufficiently serious deprivation. The prior Order noted that Plaintiff had not specifically alleged the actual temperature or that he suffered from any symptoms attributable to the cold. Plaintiff has now alleged that the cold was severe enough to cause pain in his back and neck generally and in his joints, and that he had difficulty sleeping and had to walk around to stay warm. The Court finds these allegations adequate at the pleading stages. *See Gillis v. Litscher,* 468 F.3d 488, 490 (7th Cir. 2006) (prisoner forced to sleep naked in cold cell and had to walk around 14 hours a day to keep warm presented enough facts to survive summary judgment); *Dixon v. Godinez,* 114 F.3d 640, 642-44 (7th Cir. 1997) (defendants not entitled to summary judgment where prisoner with inadequate clothing or bedding could not keep warm in cell with average temperature of forty degrees). *Cf. Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds because he was never issued

5

adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim). **Count 1** will be allowed to proceed at this time.

Plaintiff has also named Chester Mental Health ("Chester") as a defendant. In the Court's prior Order, it noted that although named as a Defendant, Plaintiff had not made any claims against Chester. Plaintiff now says that Lewis told him that the hospital administrator was aware of her actions, and the hospital itself should be held accountable based on the hospital administrator's knowledge. As the Court previously explained, any potential claims against Chester fail because governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir.2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). The law distinguishes between governmental organizations and the employees of those organizations; liability is limited to action for which the government is actually responsible. *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir.2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir.2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'") (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir.2007)). Here, Plaintiff continues to make claims against Chester, but he has not alleged that he was

mistreated pursuant to an official policy or custom. Plaintiff has not adequately stated a claim against Chester.

However, as Plaintiff has plausibly alleged that the hospital administrator knew about his placement in the cold room, the Court will direct the Clerk to add him or her to the docket as "Unknown Hospital Administrator." Defendants may be liable for unconstitutional conduct where their personal involvement is demonstrated by a showing that they knew about the conduct, and facilitated it, approved it, or turned a blind eye. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, Plaintiff has alleged that the Hospital Administrator knew about his placement and specifically approved it, and so Plaintiff has adequately stated a claim against this person.

## **Disposition**

The Order Dismissing this Case (Doc. 11) and the Clerk's Judgment (Doc. 12) are **VACATED**. The Clerk of Court is **DIRECTED** to re-open this case. **Count 1** survives threshold review against Lewis. Chester Mental Health is **DISMISSED with prejudice**. The Clerk of Court is further instructed to add "Unknown Hospital Administrator" to the docket as a defendant.

The Clerk of Court shall prepare for Defendant **Lewis**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the

7

Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Hospital Administrator until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **a United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **a United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the

payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.24 12:19:40 -05'00'

**United States District Judge**